*In re* TALH

Docket No. 314749. Submitted July 9, 2013, at Lansing. Decided
October 10, 2013, at 9:00 a.m. Leave to appeal sought.

AB, the minor child's mother, and FB filed petitions in the Mecosta
Circuit Court, Family Division, seeking a stepparent adoption of
the minor child and termination of respondent's parental rights.
Respondent acknowledged paternity of the minor child in April
2001, was ordered to pay child support, and had accumulated
arrearages of over $5,000 by June 2010. Respondent was convicted
of unarmed robbery in May 2010, sentenced to 4 to 30 years in
prison, and the previous child-support order was modified in June
2010, reducing his child-support payments to $0 a month, includ-
ing ordinary medical expenses. AB and FB married in April 2010
and filed the instant action in May 2012. During the summary
disposition hearing, petitioners acknowledged that respondent had
complied with his support order since its 2010 modification. The
court, Marco S. Menezes, J., granted respondent's motion for
summary disposition and petitioners appealed.

The Court of Appeals *held*:

MCL 710.51(6) provides that if the parents of a child are
divorced, or if the parents are unmarried but the father has
acknowledged paternity or is a putative father for purposes of
MCL 710.39, and the parent who has legal custody of the child
subsequently marries and that parent's spouse petitions to adopt
the child, the court may issue an order terminating the rights of
the other parent if (1) the other parent has failed or neglected to
provide regular and substantial support for the child, or if a
support order has been entered, has failed to substantially comply
with that order for a period of 2 years or more before the filing of
the petition, and (2) the other parent has the ability to visit,
contact, or communicate with the child but has substantially failed
or neglected to do so for a period of 2 years or more before the filing
of the petition Under the clear language of MCL 710.51(6), to
determine compliance with a child-support order, courts look only
at the order in effect during the two-year period immediately
preceding the filing of the termination petition, regardless of
whether arrearages had previously accrued that were not included

in the most recent order. In this case, the trial court did not err by granting respondent's motion for summary disposition because respondent had undisputedly been in compliance with the most current child-support order since its modification in June 2010; respondent's compliance with the original 2001 child-support order was irrelevant because the order was modified in June 2010 and was the order in effect for the two-year period preceding petitioners' request for stepparent adoption and termination of respondent's parental rights.

Affirmed.

ADOPTION — STEPPARENT ADOPTION — TERMINATION OF PARENTAL RIGHTS — COMPLIANCE WITH CHILD SUPPORT ORDER.

MCL 710.51(6) provides that if the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father for purposes of MCL 710.39, and the parent who has legal custody of the child subsequently marries and that parent's spouse petitions to adopt the child, the court may issue an order terminating the rights of the other parent if (1) the other parent has failed or neglected to provide regular and substantial support for the child, or if a support order has been entered, has failed to substantially comply with that order for a period of 2 years or more before the filing of the petition, and (2) the other parent has the ability to visit, contact, or communicate with the child but has substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition; under the clear language of MCL 710.51(6), to determine compliance with a child-support order, courts look only at the order in effect during the two-year period immediately preceding the filing of the termination petition, regardless of whether arrearages had previously accrued that were not included in the most recent order.

*Galloway Legal Services, PLLC* (by *Jennifer M. Galloway*), for petitioners.

*Lobert & Fransted, PC* (by *Emily W. Fransted*), for respondent.

Before: SAWYER, P.J., and METER and DONOFRIO, JJ.

PER CURIAM. Petitioners, AB and FB, appeal as of right an order granting summary disposition to respondent, RH, under MCR 2.116(C)(10) and dismissing

petitioners' petitions for stepparent adoption and termination of respondent's parental rights. Petitioners argue that the lower court improperly found that respondent had substantially complied with his child-support obligations in accordance with the pertinent time frame set forth in MCL 710.51(6). We affirm, but we urge the Legislature to revisit the statute in question to account for situations such as the present one.

AB and respondent are the biological parents of a minor child. Respondent acknowledged paternity on April 2, 2001, and AB has legal custody of the child. Failing to regularly comply with his child-support order, respondent developed arrearages of over $5,000 by June 2010.

In May 2010, respondent was convicted of unarmed robbery and sentenced to 4 to 30 years' imprisonment. As a result, on June 9, 2010, the lower court modified respondent's previous support order, reducing his child-support payments to $0 a month, including ordinary medical payments.

In April 2010, AB married FB, and on May 4, 2012, they petitioned the lower court for stepparent adoption and for termination of respondent's parental rights under MCL 710.51(6), which states:

> If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if the parent having legal custody of the child subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:
>
> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a

support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition.

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.[1]

Thereafter, respondent filed a motion for summary disposition under MCR 2.116(C)(10). During a hearing on the motion, petitioners conceded that respondent had complied with his support order since the time it was modified, roughly 23 months before the filing of their petitions. Nonetheless, petitioners argued that respondent was not entitled to summary disposition because he had failed to comply with his support order in the years before its modification. The trial court disagreed and granted respondent's motion.

We review de novo a trial court's grant of summary disposition. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475; 776 NW2d 398 (2009). We also review de novo issues of statutory interpretation. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

We find the resolution of this case straightforward in light of the pertinent statutory language and caselaw. It is simply not in dispute that respondent substantially complied with an entered support order for nearly the entire two years preceding the petitions. See MCL 710.51(6)(a). In *In re Halbert*, 217 Mich App 607, 611-612; 552 NW2d 528 (1996), rev'd in part on other grounds by *In re Caldwell*, 228 Mich App 116; 576 NW2d 724 (1998), this Court clearly ruled—contrary to petitioners' argument in the present case—that in applying MCL 710.51(6), courts are to look at the

---

[1] MCL 710.51(6)(b) is not at issue in this appeal.

two-year period immediately preceding the filing of the termination petition. The Court stated:

> We conclude that the phrase "for a period of 2 years or more before the filing of the petition" is plain, certain, and unambiguous. A bare reading of the statute reveals that the two-year statutory period must commence on the filing date of the petition and extend backwards from that date for a period of two years or more. Accordingly, we determine that the statute is satisfied and a petition for termination may be granted where the grounds for termination have been shown to exist for *at least two years immediately preceding the filing of the termination petition*. [*Halbert*, 217 Mich App at 612 (emphasis added).][2]

Under the clear and unambiguous statutory language and under the caselaw applying that language, petitioners' claims must fail. Petitioners contend that *In re Hill*, 221 Mich App 683; 562 NW2d 254 (1997), applies and mandates reversal of the trial court's ruling because respondent accrued arrearages with regard to his earlier support order. We do not agree, because *Hill* is distinguishable. In *Hill*, *id.* at 693, the Court, in analyzing whether MCL 710.51(6) authorized termination of the respondent's parental rights, stated, "it is only necessary to determine whether respondent had substantially complied with [a] support order for a period of two years or more before the filing of the petition." The Court then found that the respondent had not done so because he had failed to pay confinement expenses, blood-testing fees, and certain other medical expenses that were required under the support

---

[2] The Court in *Halbert*, 217 Mich App at 615-616, also ruled that the respondent in that case did not fall within the scope of MCL 710.51(6) because he was incarcerated and did not have the "wherewithal" to provide support, but this ruling was expressly overruled by *Caldwell*. In *Caldwell*, 228 Mich App at 121, the Court concluded that the statute contains "no incarcerated parent exception."

order. *Id.* at 693-694. It did not matter that the support order had been entered many years before the filing of the petitions to terminate parental rights and adopt, see *id.* at 685, 693, because, evidently, the order had not been modified in the interim and *remained in effect.*[3] The present case is different because *the support order in effect* required $0 in monthly payments and petitioners conceded that respondent had complied with the order since the time it was modified.

The trial court did not err by granting summary disposition to respondent. However, we urge the Legislature to revisit MCL 710.51(6) to address a situation such as the present one. It seems ill-advised indeed for a person to fail to provide child support, accrue arrearages, and then fail to fall within the parameters of the statute because of criminal actions leading to his or her incarceration and a resultant modification (to zero) of an earlier child-support order.

Affirmed.

SAWYER, P.J., and METER and DONOFRIO, JJ., concurred.

---

[3] Although not stated explicitly, this conclusion can be deduced from the Court's language. See, e.g., *Hill*, 221 Mich App at 693 ("In the present case, a support order was entered on October 7, 1985. Therefore, it is only necessary to determine whether respondent had substantially complied with the support order for a period of two years or more before the filing of the petition [in 1995]."). Clearly the Court was operating under the assumption that the support order remained in effect.