# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BACON/WILLIAMSON, Minors.

UNPUBLISHED
March 8, 2018

No. 335062
Macomb Circuit Court
Family Division
LC No. 2016-000148-NA,
        2016-000187-NA

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the order of disposition that authorized the removal of the minor children and placed them in the temporary custody of the Department of Health and Human Services (DHHS). We affirm.

The DHHS filed a petition for removal and jurisdiction in this case on June 14, 2016, after respondent was charged with two counts of domestic violence against her eldest child, AMB. The charges related to events from May and June of 2016. In the first instance, respondent was alleged to have repeatedly struck AMB with a metal pole until AMB fled to a neighbor's home, and in the second instance respondent was alleged to have thrown a phone at the back of AMB's head. The parties waived probable cause and the petition was accepted. On July 12, 2016, EW was born, and a separate petition was filed for EW's removal. The parties again waived probable cause. The children were in relative placements at this time.

On July 25, 2016, respondent filed a "Judge/Jury Demand" that requested "a trial by jury, pursuant to MCR 3.911." On August 29, 2016, respondent filed a motion titled "Respondent Natural Mother's Withdrawal of Her Judge and Jury Demand and Return to the Referee's Docket." The motion stated that respondent "withdraws her demand for the Formal Docket with a Judge and her Jury Demand in reference to the Adjudicatory Hearing, and to return the matter to the Referee Docket for an Adjudicatory Hearing."

On August 30, 2016, the parties appeared before the trial court. At the hearing, the following exchange occurred between the trial court and respondent's counsel regarding respondent's motion to withdraw her jury demand and return the case to the referee's docket:

-1-

*Mr. Bishai* [respondent's counsel]: . . . In addition to that, I, Ms. Goetz[1] was asking me if I was moving to continue to go forward with a judge and jury demand. I indicated that was under advisement right now and I'd get back to her with regard to that. I did tell her last week that I was withdrawing my judge and jury demand and return the matter to Referee Rittinger's docket.

*The Court*: Well, unfortunately, the Referee is not available to hear this matter. So it will stay on my docket.

*Mr. Bishai*: Okay.

*The Court*: If you want to withdraw your jury demand, that's fine. We'll just have the bench trial here.

*Mr. Bishai*: I have another, I was going to make another request that for the purposes of this case for bench purposes that you recuse yourself. . . .

Later in the hearing, respondent's counsel formally requested an adjournment because he had not received certain records until shortly before the scheduled trial date and wished for additional time to review them. The trial court ultimately denied respondent's motion to adjourn, finding that all parties had been aware of the trial date for the past four weeks, the witnesses were available, and the record did not reflect any motions for adjournment prior to respondent's oral request. Respondent's counsel then proceeded to argue his motion for the recusal of the trial judge. Respondent's counsel explained:

My concern was when I left here was with a jury demand at least, is it possible to go forward in that manner? Yes. But if this matter were to be reduced to a bench, my concern was is [sic] that, and that's why I approved the judge and the jury demand because of my concern with your familiarity with the case in that regard which may prevent your Honor from looking at the case in a preponderance manner.

The trial court denied respondent's motion for recusal, but permitted respondent to appeal the denial to the chief judge. The chief judge likewise denied respondent's motion.

The adjudication trial began the following day on August 31, 2016. The trial court began by asking counsel if there was "[a]nything we need to attend to prior to opening statements?" Respondent's counsel responded, "I've already made my arguments, your Honor. No." The prosecutor then delivered its opening argument, respondent's counsel waived opening argument, and the guardian ad litem made an opening argument. After the prosecutor called petitioner's first witness, respondent interjected that she was "not okay with the waiver of the jury trial," and

---

[1] Goetz was apparently the original prosecutor in this case but was unable to attend this hearing. As a result, Gordon Hosbein was the prosecutor in attendance.

the trial court informed her that she needed to "speak through [her] attorney." After the witness was sworn in, respondent's counsel stated:

> My client indicated to me that she's not, she thought that I made the demand for judge and jury. You made a ruling yesterday that it's not going to go to Referee Rittinger, that you were going to try it, and you were going to do a bench trial. She thought we were still having a jury. She's uncomfortable with that. She's indicated to me she doesn't want me to proceed because she thought that it was going to be a jury trial.

The trial court requested respondent's counsel to show respondent the order from the day before in which "her request to withdraw the jury was granted." After the prosecutor finished questioning the first witness, respondent's counsel directed the trial court's attention to the previous day's order and stated that it did not state that the jury "was taken away." In response, the trial court stated that that was not "[her] recollection of [her] ruling" and ordered that the order be modified to reflect the ruling from the day before. The adjudication trial then continued. The order was eventually modified to reflect the court's ruling from the August 30 hearing. Following the trial, on September 2, 2016, the trial court found that petitioner had established by a preponderance of the evidence that one or more of the statutory bases to exercise jurisdiction over the children existed. On September 12, 2016, the trial court signed an order of disposition, and this appeal followed.

On appeal, respondent first contends that the trial court adhered to a misguided timeline for when adjudication needed to occur based on the court's erroneous interpretation of MCR 3.972(A). Respondent argues that this led the trial court to abuse its discretion in denying respondent's motion for an adjournment. We disagree. A trial court's decision to grant or deny a motion for an adjournment is reviewed for an abuse of discretion. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes. *In re Jones*, 286 Mich App 126, 130; 777 NW2d 728 (2009). The proper interpretation of a statute is reviewed de novo. *In re Talh*, 302 Mich App 594, 597; 840 NW2d 398 (2013).

MCR 3.972(A) states in pertinent part as follows:

If the child is in placement, the trial must commence as soon as possible, but not later than 63 days after the child is removed from the home unless the trial is postponed:

> (1) on stipulation of the parties for good cause;

> (2) because process cannot be completed; or

> (3) because the court finds that the testimony of a presently unavailable witness is needed.

Respondent argues that MCR 3.972(A) did not apply in this case because the children were not in "placement" while staying with relatives. However, respondent's argument mistakenly relies solely on the definition of "placement" in MCR 3.903(C)(10), which states that "placement"

means "court-approved transfer of physical custody of a child to foster care, a shelter home, a hospital, or a private treatment agency." Respondent overlooked MCR 3.903(C)(5)(b), which defines "foster care" to include "care provided to a child in a relative's home pursuant to an order of the court." In this case, the children had been removed from respondent's home and placed with relatives through the DHHS by court order. Therefore, under the definitions provided in MCR 3.903(C)(5)(b) and (10), the children were in "placement," and the 63-day rule of MCR 3.972(A) was applicable.

With regard to respondent's argument that the trial court abused its discretion when it denied her motion to adjourn, respondent contends that she established good cause for the adjournment. On the day of trial, respondent's attorney moved for an adjournment based on his claim that he did not timely receive certain documents and, as a result, was not able to provide a competent defense for his client. On appeal, respondent appears to be arguing that adjournment was proper under MCR 3.923(G),[2] which provides as follows:

> Adjournments of trials or hearings in child protective proceedings should be granted only
>
> (1) for good cause,
>
> (2) after taking into consideration the best interests of the child, and
>
> (3) for as short a period of time as necessary.

In order for a trial court to find "good cause" for an adjournment, a legally sufficient or substantial reason must first be shown. *In re Utrera*, 281 Mich App at 10-11. The record shows that respondent's attorney waited until the morning of the hearing to ask for an adjournment based on failure to timely receive requested documents. The court noted, and respondent's attorney agreed, that the record did not contain a motion or request for an adjournment prior to the hearing. Moreover, the record reflects that respondent's counsel was instructed by the referee to file an official demand for the requested documents, but counsel did not comply and chose to rely solely on oral requests. When these requests proved insufficient, respondent's counsel waited until the morning of the trial to move for an adjournment. This was done in spite of the fact that the trial had been scheduled for four weeks. As a result, the other parties argued against adjournment because they were prepared with their witnesses for trial. While respondent's attorney attempted to reach a solution by waiving the 63-day requirement and transferring the case to the referee, the trial court would not waive the 63-day requirement and explained that the referee's docket made it impossible for the case to be timely tried under the 63-day rule. Respondent has not presented any evidence to show that she was prejudiced or that the outcome of the hearing would have been different if the trial court had granted the adjournment. Accordingly, respondent has failed to demonstrate a legally sufficient or

---

[2] It does not appear that respondent is arguing that adjournment was proper under MCR 3.972(A), which provides three exceptions to the 63-day rule, none of which are applicable to the facts of this case.

substantial reason so as to establish good cause for an adjournment, and the trial court did not abuse its discretion in denying respondent's motion for adjournment.

Next, respondent contends that the trial court impermissibly deprived her of her right to a jury trial. We disagree. Because this claim involves the interpretation and application of a court rule, our review is de novo. *Davis v Chatman*, 292 Mich App 603, 616; 808 NW2d 555 (2011).

Although parents have a significant due process interest in the companionship, care, custody, and management of their children, *In re Brock*, 442 Mich 101, 109; 499 NW2d 752 (1993), they do not have a constitutionally protected right to have a jury decide termination cases. See *In re Colon*, 144 Mich App 805, 818-819; 377 NW2d 321 (1985); accord, *In re Martin*, 200 Mich App 703, 719 n 5; 504 NW2d 917 (1993). However, a parent who is a respondent in a child protection proceeding does have a statutory right to a jury during the adjudicative phase of the proceeding. See MCL 712A.17(2); see also MCR 3.911.

Pursuant to MCR 2.508(D)(3), a party that has properly demanded a jury trial may withdraw that demand with "the consent, expressed in writing or on the record, of the parties or their attorneys." MCR 2.509(A)(1) similarly provides that, when a party has properly demanded a jury, the trial must proceed by jury unless "the parties agree otherwise by stipulation in writing or on the record." This Court has interpreted the phrase "on the record" in MCR 2.508(D)(3) and MCR 2.509(A)(1) to encompass "an expression of agreement implied by the conduct of the parties," which is to be determined based on the "totality of the circumstances." *Marshall Lasser, PC v George*, 252 Mich App 104, 107-108; 651 NW2d 158 (2002).

In this case, respondent alleges that she properly demanded a jury trial, and that the trial court sua sponte entered an order denying her a jury trial without the input of any counsel. However, the facts do not support this argument.

Respondent demanded a jury trial on July 25, 2016, and then on August 29, 2016, filed a motion to withdraw the jury demand. All parties acquiesced to this demand, and, following a hearing, the trial court granted respondent's motion to withdraw her jury demand. The following day, a bench trial commenced without objection from petitioner, and respondent only objected to the lack of a jury after opening statements when the first witness was called and sworn in. Despite this objection, the trial court had already properly granted respondent's motion to withdraw the jury demand based on the parties' consent on the record to the withdrawal of the jury demand. See MCR 2.508(D)(3); MCR 2.509(A)(1). Respondent's renewed request for a jury trial on the day of trial did not conform to the proper procedure for requesting a jury. See MCR 2.508(B). "The right to a jury trial in a civil action is permissive, not absolute," *Marshall Lasser*, 252 Mich App at 106, citing Const 1963 art 1, §14, and respondent was required to properly demand a jury to be entitled to one. This decision "is also in keeping with our longstanding rule against harboring error as an appellate parachute." *Marshall Lasser*, 252 Mich App at 109. Respondent moved the trial court to withdraw her jury demand, petitioner consented, and the trial court properly ruled that the jury demand was withdrawn. Respondent cannot now argue that the trial court's decision to grant her motion was error.

The fact that respondent's August 29 motion included a request to transfer the case to a referee does not change our opinion. The August 29 motion made two separate requests: (1)

withdraw the demand for a jury trial, and (2) transfer the case to the referee's docket. The trial court granted respondent's motion to withdraw her jury demand and denied her motion to transfer the motion to the referee. This ruling was not improper because the August 29 motion was not conditional; nowhere in the motion did it indicate that respondent wished to withdraw her jury demand *only if* the case was transferred to a referee. The motion states that respondent was requesting to withdraw her jury demand "and return the matter to the Referee Docket." If the withdrawal of the jury demand were conditioned on transfer to a referee, the motion would have been drafted to reflect that.

The record of respondent's argument on this motion further reflects that it was not intended to be conditional. When respondent presented the motion, the trial court made clear that it would not transfer the case to a referee, but that it could grant respondent's motion to withdraw the jury demand and proceed with a bench trial. Respondent's counsel, rather than withdrawing the motion or explaining that the withdrawal of the jury demand was conditioned on transfer to a referee—either of which would have been appropriate if the motion were conditioned on transfer to the referee—instead argued that the trial judge should recuse herself. However, recusal of the trial judge would not transfer the matter to the referee, but rather would simply require a different judge to conduct the bench trial. And while we recognize that respondent could have sought recusal of the trial judge for an impending jury trial, respondent's counsel made clear that he was not seeking a jury trial; respondent's counsel stated that it was "possible to go forward" with a jury trial without recusal, and repeatedly explained that he was only arguing for recusal because of the impending bench trial. If the withdrawal of the jury demand was conditioned on transfer to a referee, then there would be no reason to move for the trial judge to recuse herself because, based on respondent's counsel's explained reasoning, respondent would have simply commenced with a jury trial once transfer to the referee was denied. However, because respondent's counsel sought recusal, respondent's counsel clearly believed that the motion to withdraw the jury demand was not conditioned on transfer to the referee, which reflects how the motion was drafted. Based on our review of the record, it is clear that respondent sought to withdraw her jury demand to avoid a jury trial, resulting in either a bench trial—and hence the motion for recusal—or transferring the case to a referee.

Moreover, the following day, respondent and her counsel attended the adjudication trial at which there was no jury and, obviously, no referee. Rather than objecting to this fact—as would have been a sensible course of action if respondent's motion to withdraw her jury demand were conditioned on the matter being transferred to the referee—respondent's counsel stated that he did not have any matters that the court needed to attend to before trial. Then, without a jury present, respondent and her counsel sat through two opening statements and respondent's counsel waived a third opening statement. Only after the first witness was called did respondent voice her concern about a lack of jury. After the trial court requested respondent to speak through her counsel, respondent's counsel clearly understood the results of his motion from the previous day:

> You [the trial court] made a ruling yesterday that [the case is] not going to go to Referee Rittinger, that you were going to try it, and you were going to do a bench trial.

-6-

Though respondent may have changed her mind regarding a jury demand on the day of trial, this does not change the facts that respondent's motion to withdraw her jury demand was not conditioned on the case being transferred to the referee and that the trial court had already properly granted respondent's motion. Accordingly, respondent was not deprived of her right to her previously requested jury trial because she waived that right based on the parties' consent to the withdrawal of the jury demand on the record. See MCR 2.508(D)(3); MCR 2.509(A)(1); see also *Marshall Lasser*, 252 Mich App at 107.[3]

Next, respondent alleges that the trial court's repeated interjections, interruptions, and interrogations of witnesses, the court's "coaching" of witnesses and petitioner's attorney, and the entering of sua sponte orders was judicial misconduct that violated her right to due process and denied her a fair trial. We disagree. Whether judicial misconduct denied a party a fair trial is a question of constitutional law that this Court reviews de novo. *People v Stevens*, 498 Mich 162, 168; 869 NW2d 233 (2015).

"A judge's conduct . . . violates the constitutional guarantee of a fair trial when, considering the totality of the circumstances, it is reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party." *Id*. at 171. A judge may intervene in a trial "to promote expedition, and prevent unnecessary waste of time, or to clear up some obscurity," but "the judge should avoid a controversial manner or tone" in addressing counsel, parties, or witnesses, should not express disbelief of a witness, and should "avoid interruptions of counsel in their arguments except to clarify their positions." *Id*. at 174 (citation and quotation marks omitted). "A party that challenges a judge for bias must overcome a heavy presumption of judicial impartiality." *People v Wells*, 238 Mich App 383, 391; 605 NW2d 374 (1999). There must be "actual personal bias or prejudice" against the party or the attorney for a judge to be disqualified. *Id*. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Cain v Dep't of Corrections*, 451 Mich 470, 497 n 30; 548 NW2d 210 (1996).

Upon review of the record, we find no merit to respondent's contention that the trial court entered sua sponte orders without any input from the attorneys. The record shows considerable input by respondent's attorney and the other attorneys. The court clearly explained that it had made a mistake in failing to read the orders before it signed them, and it clarified the record to accurately reflect what happened and what the errors were in its previous orders. The trial court may correct clerical mistakes and omissions "at any time on its own initiative or on motion of a

---

[3] We recognize that "this examination must always be informed by an awareness of the importance trial by jury plays in our system of justice," *Marshall Lasser*, 252 Mich App at 108, and we do not reach this decision lightly. But based on our reading of the record, we find no support for the conclusion that respondent's motion to withdraw her jury demand was conditional. Therefore, the trial court did not err by denying respondent's motion to transfer the case to a referee while granting her motion to withdraw her jury demand based on the parties' agreement on the record. See MCR 2.508(D)(3).

party, and after notice if the court orders it," *People v Howell*, 300 Mich App 638, 649; 834 NW2d 923 (2013); see also MCR 2.612(A), which the trial court appropriately did in this case.

Further, our review of all the interjections by the trial court during the adjudication hearing shows no evidence of judicial misconduct. The record does not support respondent's attorney's contention that the court was biased against him or his client. The court merely questioned witnesses and made some suggestions to both parties concerning objections they could make and questions they could ask. The court instructed all attorneys concerning court protocol, compound questions, and clarity, and told anyone who could not be heard to speak up. The court dealt with objections from both parties in an impartial manner. Respondent's attorney was reprimanded for being late to the hearings and was asked to apologize to counsel who were on time and forced to wait. This does not rise to the level of judicial misconduct. Accordingly, respondent was not denied a fair trial, and there was no judicial misconduct in this case.

Affirmed.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien