*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* AGB, Minor.

UNPUBLISHED
January 12, 2023

No. 360670
St. Joseph Circuit Court
Family Division
LC No. 2021-001034-AY

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Respondent-father appeals as of right the order terminating his parental rights to the minor child, AGB, under MCL 710.51(6). On appeal, respondent argues that the termination of his parental rights was erroneous because (1) the trial court improperly concluded that respondent had the ability to provide regular and substantial support in the two years before the petition was filed and (2) the trial court neglected to appoint counsel to represent respondent for the termination hearing. We reverse.

## I. BACKGROUND

This case arises out of a petition for stepparent adoption under MCL 710.51(6) filed by petitioners, mother and stepfather. AGB was born in April 2013 to mother and respondent, whom mother dated at the time. Respondent and mother signed an affidavit of parentage the day after AGB was born, but in March 2021, when AGB was seven years old, mother was granted "initial sole legal custody and full physical custody" via a judgment regarding custody. In October 2021, mother and stepfather filed a petition for stepfather's adoption of AGB and a supplemental petition to terminate respondent's parental rights.

At the termination hearing on February 22, 2022, respondent attended remotely from prison via video conferencing. Mother's testimony revealed that respondent's only source of income was through Social Security because of several mental health issues, including schizophrenia and bipolar disorder as well as homicidal and suicidal tendencies. As a result, respondent's child support obligation was calculated at zero dollars along with a notation that support was reserved. Respondent gave mother $100 and a box of diapers for support in winter 2014. Other than that, respondent did not provide any financial assistance. Stepfather agreed with mother's testimony. The trial court did not ask whether respondent had questions for mother or stepfather. On direct

-1-

examination, respondent agreed with mother's testimony regarding his imprisonment and acknowledged that he was allowed to work up to approximately 20 hours a week while he received Social Security benefits. Respondent stated that everything mother said about him "was the truth." However, respondent also testified that he wanted an opportunity to be a part of AGB's life once he left prison and to "correct himself," taking one day at a time. Respondent stated he was willing to pay child support if that was what he had to do to see AGB.

The trial court found that respondent had not made contributions toward AGB's material needs in the two years before the petition was filed, over respondent's objection that he could not have done so because he was imprisoned for that entire time and did not know mother's new address. The trial court added that despite the order to have no direct contact with mother, respondent could have kept trying to provide support through a third party. The trial court found, overall, that respondent had the ability to provide support for AGB during that two-year period, but "regularly and substantially failed to do so." With that determination, the trial court terminated respondent's parental rights for the purposes of the stepparent adoption.

Respondent now appeals.

## II. ABILITY TO PROVIDE SUPPORT UNDER MCL 710.51(6)

Respondent argues on appeal that the trial court clearly erred when it found that respondent had the ability to provide support or assist in supporting AGB in the two years preceding the filing of the petition for termination under MCL 710.51(6) because there was no factual basis to clearly and convincingly support that determination. We agree.

A trial court's findings of fact are reviewed for clear error. See *In re Gonzales/Martinez Minors*, 310 Mich App 426, 430; 871 NW2d 868 (2015). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake was made." *In re ALZ*, 247 Mich App 264, 271-272; 636 NW2d 284 (2001).

MCL 710.51(6) controls when a termination of a noncustodial parent's rights is requested pending stepparent adoption. *Id*. at 272. MCL 710.51(6) states as follows:

> If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if a parent having custody of the child according to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. A child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered.

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

"[I]n applying MCL 710.51(6), courts are to look at the two-year period immediately preceding the filing of the termination petition." *In re TALH*, 302 Mich App 594, 597-598; 840 NW2d 398 (2013). To prove that termination of the noncustodial parent's rights is warranted, a petitioner must show by clear and convincing evidence that both Subsections (a) and (b) are met. *In re ALZ*, 247 Mich App at 272.

Respondent's appeal focuses on the provisions within Subsection (a). MCL 710.51(6)(a) "addresses two independent situations: (1) where a parent, when able to do so, fails or neglects to provide regular and substantial support, and (2) where a support order has been issued and the parent fails to substantially comply with it." *In re Newton*, 238 Mich App 486, 491; 606 NW2d 34 (1999). Under the statute's plain terms, "[a] child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered." MCL 710.51(6)(a). Therefore, even though a child support order for AGB was in place, because support from respondent was reserved, the analysis falls into the first situation identified in *In re Newton*: whether respondent failed or neglected to provide regular and substantial support when he had the ability to do so.

Respondent does not contest that he provided no support to mother or AGB in the two years before the petition was filed. Rather, he argues that petitioners did not prove by clear and convincing evidence that respondent had the ability to provide or assist in providing support.

Evidence was presented about jobs that respondent held in 2014 and September 2019, but that is outside of the "two-year period immediately preceding the filing of the termination petition." *In re TALH*, 302 Mich App at 597-598. Respondent remained in prison for the entire two years before the petition was filed in October 2021. Although the trial court surmised that respondent could have sent even fifty cents or a dollar, it based that assertion from "cases on this when people are incarcerated and there are ways to make communication and to pay." Yet, no testimony was presented in this case regarding respondent's option or ability to earn money while in prison. Indeed, during the trial court's ruling, respondent interrupted, saying: "I couldn't [make payments to mother]. Since I've been incarcerated this time, I don't have no payment support out there. I'm doing this all on my own." Moreover, it is unclear how respondent would have been able to get payments to mother because he was seemingly unable to make contact with her. The trial court reasoned that, despite that respondent was to have no direct contact with mother, he could have kept trying to provide support through a third party. However, respondent testified that when he asked his parents to contact mother, "my mom and them said that she was not responding back to them." This testimony was not refuted. Respondent also represented that he did not know mother's or AGB's new address, because when he tried to send AGB a birthday card in 2016, it was returned to respondent.

The trial court did not consider respondent's individual case and instead relied on general norms, particularly when it assumed respondent could earn and send money to mother while he was in prison. The trial court clearly erred when it terminated respondent's parental rights because

the evidence was insufficient to clearly and convincingly show that respondent actually had the ability to provide support in the two years before the petition was filed.

## III. CONCLUSION

The order terminating respondent's parental rights is vacated. Reversed and remanded for the trial court to enter an order denying the petition for stepparent adoption.[1] We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

---

[1] As stated previously, respondent also argues that the trial court abused its discretion by not considering whether he should have counsel appointed for the termination hearing. Based on our conclusion as to the first issue, we need not address respondent's second argument. However, we do note that in determining whether respondent was entitled to counsel, the trial court was required—but failed—to address the factors from *In re Sanchez*, 422 Mich 758, 770-771; 375 NW2d 353 (1985), wherein our Supreme Court held that when trial courts are deciding whether to appoint counsel to an indigent, nonconsenting parent in stepparent-adoption termination cases,

> the trial court will be guided by the principle of assuring the nonconsenting parent the ability to present a case properly, measured in the particular case by factors such as the relative strength of the adversaries and the presence or absence of legal, factual, procedural, or evidentiary complexity.

A trial court's failure to consider these factors is an abuse of discretion. See *id*. at 771.