*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TMK, Minor.

UNPUBLISHED
January 25, 2024

No. 366304
Berrien Circuit Court
Family Division
LC No. 2022-000382-AY

Before: M. J. KELLY, P.J., and MARKEY and CAMERON, JJ.

PER CURIAM.

In this stepparent adoption case, petitioner-mother and petitioner-stepfather appeal as of right the trial court order denying their petition to terminate respondent-father's parental rights to his minor child, TMK. For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

On April 14, 2022, petitioners filed a motion to terminate the parental rights of TMK's father under MCL 710.51(6). Petitioners alleged that respondent-father had failed to provide support or comply with a support order and that he had failed to visit or contact TMK for a period of two or more years. At the hearing on the petition, respondent-father stipulated that he had failed to substantially and regularly communicate with TMK for a period of two years. He disputed, however, the allegation that he had substantially failed to comply with a support order.

A hearing on the motion was held before the trial court. Because the petition was filed on April 14, 2022, the applicable two-year period for purposes of MCL 710.51(6)(a) is April 14, 2020 to April 14, 2022. According to a Friend of the Court enforcement officer, respondent-father had a support obligation of $92 per month. She testified that respondent-father made "sporadic payments" between April 14, 2020 and April 14, 2022. Indeed, the record reflects that he made approximately 14 partial payments, several of which were garnished from his unemployment benefit and some that were received from a wage assignment. Further, in January 2022, respondent-father received a notice of arrears from the Friend of the Court. He did not respond and a show-cause order was issued. On April 5, 2022, the date of the show-cause hearing, respondent-father made a payment and informed the Friend of the Court that a larger payment

-1-

would be coming. His arrearage in April 2020 (at the start of the two-year period) was $8.06 and his arrearage in April 2022 (at the end of the two-year period) was $1,440.54.

There was also testimony pertaining to respondent-father's compliance with the support order before and after the applicable two-year period. Petitioner-mother, for instance, testified that before she filed the petition in April 2022, she would receive "little payments here and there" and then "a big sum here and there." Additionally, the Friend of the Court enforcement officer stated that after April 2022 respondent-father began making regular payments due to an income-withholding order. Further, on April 16, 2022, a wage assignment and tax intercept were issued, which reduced his arrearage to $45.88. Subsequently, he made a payment for more than his obligation in July 2022. Between June 2022 and January 2023 respondent-father's arrears were never higher than $105.35.

Following the hearing, the trial court denied the petition. The court reasoned:

> This Court following the recent clarification [in *In re NRC*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 362915)] of "substantial compliance" for the same reasoning considering the number of payments made "(sic) often caught up the lump sum payments and with greatest arrearage every reflected being $105.35, is fully persuaded that Petitioner herein failed to meet the burden of showing respondent had not substantially complied with the child support order.

> Both (a) and (b) of the governing statute must occur before the court can terminate a respondent father's parental rights. The Supplemental Petition for termination of parental rights of [respondent-father] is denied.

This appeal follows.

## II. STEPPARENT ADOPTION

### A. STANDARD OF REVIEW

The petitioners in a stepparent adoption proceeding have the burden of proving by clear and convincing evidence that termination of the noncustodial parent's parental rights is warranted. *In re Hill*, 221 Mich App 683, 691; 562 NW2d 254 (1997). We review the trial court's factual findings for clear error. *Id*. at 691-692. "A finding is clearly erroneous if, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made." *Id*. at 692.

### B. ANALYSIS

MCL 710.51(6) sets forth the "procedure and standard for determining whether to terminate the parental rights of a noncustodial parent and allow adoption by a stepparent." *In re ALZ*, 247 Mich App 264, 272; 636 NW2d 284 (2001). MCL 710.51(6) states:

> If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if a parent having custody of the child according

to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

(a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. A child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered.

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

The plain language of the statute states that "the two-year statutory period must commence on the filing date of the petition and extend backwards from that date for a period of two years or more." *In re Talh*, 302 Mich App 594, 598; 840 NW2d 398 (2013) (quotation marks and citation omitted). Further, "a parent substantially complies with a child support order when they have made a considerable quantity of the payments required by the order." *In re NRC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362915); slip op at 4-5.

In this case, the trial court found that respondent-father made a number of payments and that he often caught up with lump sum payments. However, the trial court also found that respondent-father's greatest arrearage was $105.35. Although there was testimony that respondent-father's arrearage between June 2022 and January 2023 was never higher than $105.35, the testimony also showed that his arrearage *at the time the petition was filed* was $1,440.54. Thus, the court's finding that respondent-father's greatest arrearage was $105.35 was clearly erroneous.

Based upon the record before this Court, it is unclear whether, in the absence of that factual error, the trial court would have reached the same result. Petitioners urge this Court to find that there was not substantial compliance with the support order because the arrearage of $1,440.54 had "grown steadily from July 2020" and because the amount of the arrearage indicated that respondent-father was in arrears for 15.65 of the 24 months before the petition was filed. Such facts do not mandate a finding that there was substantial noncompliance, however. The trial court, for instance, relied upon the fact that there was a history of making lump-sum payments to catch up. This is reflected by the Friend of the Court enforcement officer's testimony and petitioner-mother's testimony. Further, respondent-father did make 14 payments during the 24 month period. The payments were not in full. And, as indicated above, the majority of the payments were garnished from his unemployment benefit and were for just over 50% of the support amount owed. Thus, the court's findings that respondent-father made a number of his payments is supported by the record. Taken together and, notwithstanding that the court incorrectly stated the highest arrearage, those two facts would be sufficient to support a finding that there was substantial compliance with the support order. See *In re NRC*, ___ Mich App ___; slip op at ___ (stating that absolute compliance with the support order is not required). Yet, given the court's erroneous finding that the greatest arrearage was $105.35, we are unable to ascertain if the trial court would

have found substantial compliance with the support order regardless of the arrearage actually being higher. Consequently, we reverse and remand for the trial court to reconsider whether termination of respondent-father's parental rights is warranted under MCL 710.51(6).

Reverse and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Thomas C. Cameron