*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* VRK, Minor.

UNPUBLISHED
May 2, 2024

No. 367877
St. Clair Circuit Court
Family Division
LC No. 23-000006-AY

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

K. F. KELLY, J. (*concurring*).

Although I concur that the Court reached the correct result required under the current state of the law, I write separately to express how disturbing it is, and my disagreement with, how MCL 710.51(6) is applied to cases such as this. Here, respondent was under a no-contact order concerning his child because of his conviction and term of imprisonment for offenses including fourth-degree child abuse. In circumstances such as these, where a noncustodial parent is prohibited from seeing the minor child as a result of his own *criminal* conduct, the two-year requirement under MCL 710.51 should not be a bright-line impediment for petitioners to terminate respondent's parental rights. Rather the two-year requirement should be a significant, but not insurmountable, consideration for the trial court. Thus, while I agree with the disposition of the case under the prevailing interpretation of MCL 710.51(6), I urge the Legislature to address what, in my view, is a glaring oversight in the law.

The trial court found that petitioners failed to establish that respondent had the ability to visit VRK but regularly and substantially failed to do so, see MCL 710.51(6)(b), and denied the petition. According to the trial court, because respondent was ordered by the terms of his probation to have no contact with VRK, he did not have the "ability to contact [VRK] for two years." Thus, the trial court concluded that "part [of the statute] has not been met and the petition is denied."

The petitioners had the burden to establish by clear and convincing evidence that termination of respondent's parental rights was warranted. *In re Hill*, 221 Mich App 683, 691; 562 NW2d 254 (1997). Under the stepparent adoption provision, MCL 710.51(6):

> (6) If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if a parent having custody of the

-1-

child according to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. A child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered.

> (b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

"[I]n order to terminate parental rights under MCL 710.51(6), the trial court must determine that both subdivision (a) and subdivision (b) are satisfied, as well as conclude that the conditions set out in the preceding paragraph have been satisfied." *In re AJR*, 300 Mich App at 601 (citations omitted). "[I]n applying MCL 710.51(6), courts are to look at the two-year period immediately preceding the filing of the termination petition." *In re Talh*, 302 Mich App 594, 597-598; 840 NW2d 398 (2013).

Applying the explicit language of the statute, the trial court reached the correct result. However, the reason why respondent did not have the "ability to visit, contact, or communicate with" VRK was the direct consequence of respondent's actions, which he did have the *ability* to control. As petitioners succinctly point out, respondent could have requested modifications of the no-contact order to at least have sent his child cards or letters. He did not. Moreover, whether or not he foresaw the natural and probable consequences of that conduct is irrelevant. See *Sutter v Biggs*, 377 Mich 80, 86; 139 NW2d 684 (1966) ("The general rule . . . is that in a tort action, the tortfeasor is liable for all injuries resulting directly from his wrongful act, whether foreseeable or not, provided the damages are the legal and natural consequences of the wrongful act, and are such as, according to common experience and the usual course of events, might reasonably have been anticipated."); *People v Robinson*, 475 Mich 1, 15; 715 NW2d 44 (2006) ("A defendant is criminally liable for the offenses the defendant specifically intends to aid or abet, or has knowledge of, as well as those crimes that are the natural and probable consequences of the offense he intends to aid or abet.").

"Michigan courts have long recognized the existence of the wrongful-conduct rule." *Orzel v Scott Drug Co*, 449 Mich 550, 558-559; 537 NW2d 208 (1995). "The wrongful-conduct rule provides that when a plaintiff's action is based, in whole or in part, on his own illegal conduct, his claim is generally barred." *Hashem v Les Stanford Oldsmobile, Inc*, 266 Mich App 61, 89; 697 NW2d 558 (2005) (quotation marks and citation omitted). The rule does not derive from equity, "[i]nstead, the rule is a common-law maxim that operates to deny relief if the claim is based on the plaintiff's illegal conduct, a causal connection exists between that conduct and the damages sought, and the defendant is not more culpable than the plaintiff." *Varela v Spanski*, 329 Mich App 58, 83; 941 NW2d 60 (2019).

In my view, the trial court should have the discretion to determine whether the wrongful-conduct rule—here, criminal conduct against the child—bars a respondent's ability to visit the minor child as a consideration when analyzing the two-year requirement under MCL 710.51(6). In this case, respondent's illegal conduct, which led to a conviction of fourth-degree child abuse, was the precipitating factor for and caused his inability to have contact with VRK. Similarly, the court should also have the discretion to consider what, in my opinion, is the primary purpose of the statute: to provide stability and support for the minor child while allowing the stepparent to establish a *legal*, not just emotional, connection with the child. I agree that our result today is dictated by cases such as *In re Kaiser*, 222 Mich App 619, 623-624; 564 NW2d 174 (1997), in which we concluded the trial court's revocation of visitation rights as a result of allegations of sexual abuse meant that the respondent was unable to contact the minor child for purposes of MCL 710.51(6)(b). I would merely note that unlike *Kaiser,* here the respondent was convicted and the charges are no longer allegations. I urge the Michigan Supreme Court and Legislature to address the issue.

/s/ Kirsten Frank Kelly