*In re* TMK

Docket No. 223828. Submitted June 15, 2000, at Detroit. Decided August 22, 2000, at 9:15 A.M.

HAJ and her husband, DJ, petitioned the Oakland Circuit Court, Family Division, for DJ's adoption of TMK, who was born to HAJ and HR out of wedlock. HR objected to the termination of his parental rights in TMK, arguing that HAJ had a duty to, but did not, notify him of TMK's birth. The petitioners moved to strike the objection. The court, Gene Schnelz, J., denied the petitioners' motion and their petitions for termination of parental rights and for adoption, ruling that it would be unfair to allow termination of parental rights and adoption in view of HAJ's failure to notify HR of TMK's birth. The petitioners appealed.

The Court of Appeals *held*:

1. The trial court erred in ruling that HAJ had a duty to notify HR of TMK's birth. The Adoption Code does not account for the situation where the father had no notice of the child's birth.

2. In order to properly object to the termination of his parental rights, HR had to request custody under MCL 710.39(1); MSA 27.3178(555.39)(1). His failure to do so was tantamount to a denial of interest in custody that permits the court to terminate his parental rights under MCL 710.37(1)(a); MSA 27.3178(555.37)(1)(a). The trial court erred in denying the petitioners' motion to strike HR's objection to the adoption petition, erred in not terminating HR's parental rights, and abused its discretion in denying the petition for adoption.

Reversed and remanded.

1. Adoption — Stepparent Adoptions — Children Born Out of Wedlock — Notice of Birth to Biological Fathers.

Failure by the mother of a child born out of wedlock to inform the child's biological father of the child's birth before filing a petition for the child's adoption by the mother's husband is not a proper basis for denial of the petition for termination of the biological father's parental rights or of the petition for adoption.

2. ADOPTION — PUTATIVE FATHERS — TERMINATION OF PARENTAL RIGHTS.
   A putative father, in order to properly object to the termination of his parental rights and to the child's adoption, must request custody; failure to do so is tantamount to a denial of interest in custody and permits the court to terminate parental rights (MCL 710.37[1][a], 710.39[1]; MSA 27.3178[555.37][1][a], 27.3178[555.39][1]).

Adoption Law Center, P.C. (by *Monica Farris Linkner*), for the petitioners.

*James D. O'Connell*, for the respondent.

Before: O'CONNELL, P.J., and KELLY and WHITBECK, JJ.

O'CONNELL, P.J. Petitioners HAJ and DJ[1] appeal as of right from an order denying their petition for the adoption of TMK. We reverse and remand.

HAJ alleged that she and respondent HR were the biological parents of the child, who was born out of wedlock on June 26, 1994. According to HAJ, despite their plans to marry, and respondent's knowledge of HAJ's pregnancy, their relationship ended before the child's birth. At no time before 1999 did HAJ attempt to contact respondent and advise him of the child's birth, nor did she seek support from him. HAJ did not list respondent as the child's father on the birth certificate, and she did not tell the child about her biological father.

Petitioners married on October 5, 1995. On May 20, 1999, they filed a petition requesting approval for DJ to adopt the child. In conjunction with the adoption, petitioners sought to terminate respondent's parental rights. Respondent, through counsel, informed the court that HAJ had told him that she terminated the

---

[1] Because of the nature of this case, the minor, the petitioners, and the respondent will be referred to by their initials only.

pregnancy. HAJ denied making such a statement. In his written response to the petition, respondent did not dispute that he was the child's natural father, although he did request an order for a blood test to confirm his paternity, which the lower court denied. Respondent objected to the petition to terminate his parental rights, arguing that HAJ never permitted him to see the child, and that consequently the court could not terminate his rights.

On October 27, 1999, the lower court found that HAJ had an obligation to provide respondent with notice of the child's birth. The court reasoned that fairness precluded HAJ from terminating respondent's parental rights, given that she never notified him of the child's birth, and so the court denied petitioners' motion to dismiss respondent's objection. Consequently, the court also denied the petition for adoption.

We review a lower court's decision to grant or deny a petition for adoption for an abuse of discretion. *In re Toth*, 227 Mich App 548, 556; 577 NW2d 111 (1998). To the extent that resolution of this appeal entails a question of law, we conduct review de novo. *In re Newton*, 238 Mich App 486, 489; 606 NW2d 34 (1999). Under MCL 710.31(1); MSA 27.3178(555.31)(1), when a child is born out of wedlock, a court cannot approve a petition for adoption without first terminating the parental rights of the biological father pursuant to either MCL 710.37; MSA 27.3178(555.37) or MCL 710.39; MSA 27.3178(555.39).

Petitioners first argue that the lower court erred in finding that HAJ had a duty to notify respondent of the birth of the child. We agree. In *In re Dawson*, 232 Mich App 690, 695-696; 591 NW2d 433 (1998), this

Court noted that the Adoption Code simply did not account for a situation where a father had no notice of his child's birth. See also *In re RFF*, 242 Mich App 188, 194-198; 617 NW2d 745 (2000).

Petitioners next argue that respondent did not properly object to the petition for adoption because he did not request custody. We agree. The relevant statutory sections contemplate that when a putative father appears he will either request custody, MCL 710.39(1); MSA 27.3178(555.39)(1), or deny his interest in custody, MCL 710.37(1)(a); MSA 27.3178(555.37)(1)(a). Respondent in this case did neither. In our view, in order to properly object to the termination of his rights, MCL 710.39(1); MSA 27.3178(555.39)(1) required respondent to request custody. His failure to do so was therefore tantamount to a denial of interest in custody and permitted the court to terminate his parental rights under MCL 710.37(1)(a); MSA 27.3178(555.37)(1)(a). We therefore conclude that the lower court erred in denying petitioners' motion to strike respondent's objection to the adoption petition. The petition and adoption proceedings should have gone forward uncontested.

On the basis of the foregoing, we conclude that the trial court erred in not terminating respondent's parental rights. The court likewise abused its discretion in denying the petition for adoption.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.