# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WJH and AMH, Minors.

UNPUBLISHED
November 8, 2018

No. 344283
Wayne Circuit Court
Family Division
LC Nos. 18-000038-AM
           18-000039-AM

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

The subject children's maternal grandmother wished to adopt them after their parents' rights were terminated. The superintendent of the Michigan Children's Institute denied consent and the court entered an order permitting nonrelatives to adopt the children. Unfortunately, the grandmother waited too long to request court review of that decision. That adoption decision could not be set aside based on a belated challenge. We affirm.

## I. BACKGROUND

Petitioner is the maternal grandmother of WJH and AMH, and the legal custodian of their older half-brother. Petitioner served as the children's caretaker from May 22 through July 12, 2014, after their parents abandoned them. However, petitioner violated a Child Protective Services (CPS) safety plan and the children were removed from her care. Petitioner was allowed unsupervised grandparenting time in her home with the children after their removal. During one such visit, petitioner's live-in boyfriend allegedly sexually abused WJH. Although the claim was unsubstantiated, unsupervised visits ceased. After living with a paternal relative for two years, the children were placed with nonrelative foster parents with the goal of adoption.

The court terminated the rights of WJH's and AMH's parents on May 26, 2016. Thereafter, various parties applied to adopt the children, including petitioner, the children's paternal aunt, and the children's foster parents. The adoption agency, respondent Orchard Children's Services (OCS), recommended denying petitioner's application. The Michigan Children's Institute (MCI) investigated all the applicants and ultimately agreed with OSC. On November 2, 2017, the MCI superintendent denied petitioner consent to adopt based on her violation of the CPS safety plan and CPS intervention in her home during her guardianship of the children's half-brother. The superintendent further cited petitioner's harboring of the children's mother in her home in the past and its concern that petitioner would be unable to protect the

-1-

children from their mother in the future. The superintendent consented to the foster parents' adoption of the children on the same day.

On January 30, 2018, the foster parents filed a petition in the circuit court to adopt WJH and AMH, and the MCI filed its consent to this adoption. On February 12, the court entered an order formally placing the children in the foster home for adoption, and on April 26, an order of adoption entered.

On May 17, three weeks after the finalization of the children's adoption by the foster parents, petitioner filed her own adoption petition despite the MCI superintendent's denial of consent. Petitioner also filed a "Motion for Rehearing Pursuant to MCL 710.64(1)," arguing that (1) during the child protective proceeding, she was improperly denied custody of the children; (2) the MCI superintendent unfairly denied her consent to adopt; and (3) she was notified of the time periods for contesting the MCI's denial of consent, but because of limited financial resources, was unable to retain an attorney to assist in seeking adoption until January 13, 2018. Petitioner reasoned that the unconstitutional removal of the children from her home precipitated the chain of events that obstructed her quest to adopt her grandchildren. Petitioner admitted that her attorney had advised her that she would not be able to establish that the MCI's decision denying consent was arbitrary and capricious. She further asserted that because of the confidentiality of adoption court files, she was unable to obtain information regarding the filing of competing petitions and the entry of the order placing the children for adoption. Petitioner requested that the court grant her motion for rehearing, set aside the April 26 adoption order, and consider her petition.

The circuit court denied petitioner's rehearing motion and request to adopt. The court found that the MCI superintendent had thoroughly considered petitioner's request to adopt before denying consent. The court noted that MCL 710.45 provides a detailed procedure for an aggrieved party to challenge the denial of consent to adopt, which petitioner did not follow. Moreover, the court found that petitioner had not established good cause for failing to timely challenge the MCI superintendent's decision. The court characterized petitioner's rehearing motion as an improper attempt to circumvent the requirements of MCL 710.45. Finally, the court concluded that the children required permanency and finality and, therefore, it would not be in their best interests to set aside the adoption.

Petitioner now appeals.

II. ANALYSIS

We review for an abuse of discretion a trial court's decision in an adoption proceeding, and review de novo any underlying legal questions. *In re TMK*, 242 Mich App 302, 304; 617 NW2d 925 (2000). Application of the Adoption Code, MCL 710.21 *et seq.*, is an issue of statutory interpretation, which we also review de novo. *In re RFF*, 242 Mich App 188, 195; 617 NW2d 745 (2000).

"The MCI superintendent represents the state of Michigan as guardian of all children committed to the state by a family court after termination of parental rights." *In re Keast*, 278 Mich App 415, 423; 750 NW2d 643 (2008). See also MCL 400.203. The MCI superintendent is

authorized to consent to the adoption of any child committed to its care. MCL 400.209. Indeed, "consent by the superintendent to the adoption of a state ward is required before the family court can approve a prospective adoption." *Keast*, 278 Mich App at 423. Under MCL 710.45(2), a person who has filed a petition to adopt a state ward and has not received consent from the MCI superintendent may file a motion with the court to challenge the denial. *In re ASF*, 311 Mich App 420, 427; 876 NW2d 253 (2015). Specifically, MCL 710.45(2) provides that "[i]f an adoption petitioner has been unable to obtain the consent required by [MCL 710.43(1)(b)], the petitioner may file a motion with the court alleging that the decision to withhold consent was arbitrary and capricious." This motion is commonly referred to as a "§ 45 motion."

The ability to bring a § 45 motion is not unfettered. MCL 710.45(3) proscribes time limits within which an individual may challenge the MCI superintendent's denial of consent:

> If consent has been given to another petitioner and if the child has been placed with that other petitioner according to an order under [MCL 710.51], a motion under this section *shall not be brought after* either of the following:
>
> (a) Fifty-six days following the entry of the order placing the child.
>
> (b) Entry of an order of adoption. [Emphasis added.]

The plain language of MCL 710.45(3) expressly prohibits a § 45 motion after entry of an order of adoption.

In this case, the MCI superintendent denied petitioner consent to adopt and consented to the foster parents' adoption. On January 30, 2018, the foster parents petitioned the court to adopt and the MCI filed the superintendent's consent. On February 12, the court entered the order formally placing the children with the foster parents for adoption, the event contemplated in MCL 710.45(3)(a). The order of adoption was entered April 26, the event contemplated in subsection (b). Petitioner did not file anything challenging the MCI superintendent's denial of consent until May 17. To timely challenge the MCI superintendent's denial of consent to adopt, petitioner was required to file her § 45 motion within 56 days of the February 12 placement order—on or before April 9—or before the order of adoption entered on April 26. Because petitioner waited until May 17, the court was precluded from hearing her motion by MCL 710.45(3).

The statute specifically provides that a motion challenging the MCI decision "*shall* not be brought after" either listed event. (Emphasis added.) The word "shall" is unambiguous and denotes a mandatory action. *Yachcik v Yachcik*, 319 Mich App 24, 36; 900 NW2d 113 (2017). Under the plain language of the statute, once 56 days had elapsed since the order of placement or the order of adoption entered, petitioner was precluded from challenging the MCI superintendent's denial of consent.

Petitioner's characterization of her motion as a "motion for rehearing" is immaterial. This maneuver could not circumvent MCL 710.45(3)'s time limitations. Indeed, although petitioner labeled her motion as a motion for rehearing, in her accompanying petition to adopt, she checked the box that provided:

I have been unable to obtain the required consent to adopt the child from the court, Michigan Department of Health and Human Services or child-placing agency having permanent custody, or from the persons to whom the child was released. A motion alleging that the decision to withhold consent was arbitrary and capricious is attached.

In substance, petitioner's motion for rehearing was clearly a § 45 motion.

Regardless of the manner in which petitioner characterized her motion, she was substantively attempting to challenge the MCI superintendent's decision. Consent by the MCI superintendent to the adoption of a state ward is required before the court can approve a prospective adoption. As the trial court correctly noted, when a child has been committed to the MCI, MCL 710.45 provides the procedure for challenging the MCI superintendent's decision denying a party's request to adopt. Because a court cannot approve the prospective adoption without the initial consent of the MCI superintendent, a motion for rehearing of the entry of the adoption order itself is not the appropriate avenue for relief. As MCL 710.45 provides, recourse is through a timely filed petition and motion demonstrating that the MCI superintendent's decision withholding consent from the motioning party was arbitrary and capricious. Provisions of the Adoption Code must be strictly construed. *In re Adams*, 189 Mich App 540, 543; 473 NW2d 712 (1991). There was a statutory framework governing the process, with which petitioner simply did not comply.

Petitioner asserts that because of the confidential nature of adoption files, she was unable to determine when the children were placed for adoption and when the order of adoption was imminent. This argument is unpersuasive. The DHHS and OCS notified petitioner in March 2017, that they would not recommend her for adoption. The MCI issued its decision denying petitioner consent to adopt on November 2, 2017. The decision specifically included a statement that removal of the children from the foster home would not be in their best interests. Moreover, petitioner was informed of her rights to challenge the MCI superintendent's denial of consent in the decision provided to petitioner:

The Section 45 of the Michigan Adoption Code permits someone who wishes to adopt a child to file a petition for adoption along with a motion that consent was withheld in an arbitrary and capricious manner by the MCI office. This petition and motion must be filed in the court listed on the first page of this document before either of the following occurs:

* Fifty-six days following the entry of the order placing the child for adoption, or

* Entry of the final order of adoption

If you wish to pursue this option, it is recommended that you consult with an attorney.

Petitioner was on notice that she needed to be vigilant and proactive if she wished to contest the MCI superintendent's decision. Further, in her motion for rehearing, petitioner represented that monetary constraints delayed her ability to seek legal counsel. However,

petitioner retained counsel and appeared at a post-termination hearing with her attorney in January 2018. Petitioner admitted that she heard testimony that the foster parents' adoption petition would be filed "later that month." Petitioner and her attorney were on notice that action would be required soon and had ample time to file a motion challenging the MCI superintendent's denial of consent. Yet petitioner waited until May 2018 to file anything with the court. It appears from statements made in petitioner's motion for rehearing and brief on appeal that her motion was strategically filed because petitioner knew that she could not satisfy the "arbitrary and capricious standard," and hoped that a motion for rehearing might circumvent both the procedural and substantive aspects of MCL 710.45.

Finally, petitioner argues that the trial court erred when it approved the foster parents' adoption because the adoption was not in the children's best interests. In support of this argument, petitioner simply explains the nature of the relationship she shares with her grandchildren which will, no doubt, be affected by the children's adoption. However, petitioner has provided no authority for the proposition that a best-interest analysis is appropriate when a petitioner fails to seek redress pursuant to the provisions of Adoption Code. "A party cannot simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for [her] claims, or unravel and elaborate for [her] argument, and then research for authority either to sustain or reject [her] position." *TK*, 306 Mich App at 712 (quotation marks and citation omitted).

We affirm.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher