# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 6, 2019

157903

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

*In re* LMB, Minor.

SC: 157903
COA: 338169
Wayne CC Family Division:
   16-000241-AD

_____/

On April 10, 2019, the Court heard oral argument on the application for leave to appeal the March 13, 2018 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals dismissing petitioners' appeal as moot, we VACATE the Wayne Circuit Court's April 20, 2017 order reinstating the birth mother's parental rights, and we REMAND this case to the trial court for entry of an order terminating respondent-father's rights to the child under MCL 710.39(1) of the Michigan Adoption Code, MCL 710.21 *et seq.*, and for further proceedings not inconsistent with this order.

Shortly after LMB's birth, he was placed with petitioners, who filed an adoption petition with the Family Division of the Wayne Circuit Court. Respondent-father, who was not established as LMB's legal father, objected to the adoption, and the case proceeded to a contested hearing under MCL 710.39(1). The trial court abused its discretion by declining to terminate respondent-father's rights following that hearing and by reinstating the birth mother's parental rights. The evidence related to the factors in MCL 710.22(g) at the Section 39 hearing established that it would not have been in the best interests of the child to grant custody to respondent-father. MCL 710.39(1) ("[If it is not] in the best interests of the child to grant custody to the putative father, the court shall terminate his rights to the child."); MCL 710.62; *In re TMK*, 242 Mich App 302, 304 (2000) (appellate courts review a lower court's decision to grant or deny an adoption petition for an abuse of discretion).

While the appeal from this decision was pending before the Court of Appeals, petitioners moved to stay respondent-father's related paternity action brought under the Paternity Act, MCL 722.711 *et seq.*, which was pending before a different judge in the Family Division of the Wayne Circuit Court and which respondent-father filed after the Section 39 hearing was already underway. The trial court presiding in the paternity action abused its discretion by denying petitioners' motion and allowing the case to proceed to entry of an order of filiation while this adoption case was proceeding. See MCL 722.717. "All proceedings under [the Michigan Adoption Code] shall be considered to have the highest priority and shall be advanced on the court docket so as to provide for their earliest practicable disposition." MCL 710.25(1). "Although

proceedings under the Adoption Code should, in general, take precedence over proceedings under the Paternity Act, adoption proceedings may be stayed upon a showing of good cause, as determined by the trial court on a case-by-case basis." *In re MKK*, 286 Mich App 546, 555 (2009), citing MCL 710.25(2). Here, respondent-father never sought a stay of the adoption proceedings to pursue the paternity action, and no facts justified a stay in any event.

As a result, the trial court abused its discretion when it refused to stay the paternity action prior to entry of an order of filiation while this adoption proceeding was ongoing.[1] Identifying this error, the Court of Appeals reversed the trial court's order denying petitioners' motion for a stay of the paternity proceedings. *Sarna v Healy*, unpublished order of the Court of Appeals, entered December 18, 2017 (Docket No. 341211).[2]

The Court of Appeals erred in dismissing this appeal as moot. Because petitioners prevailed on their appeal of the trial court's decision in *Sarna v Healy* to deny their motion to stay the paternity proceedings, that July 7, 2017 order of filiation, which post-dated its denial of the motion to stay, was entered erroneously. The question in this appeal is whether the trial court abused its discretion in its best-interest determination. It did, and we REVERSE and REMAND this case for entry of an order terminating respondent-father's rights to the child under MCL 710.39(1) of the Michigan Adoption Code, MCL 710.21 *et seq*. Because the trial court's abuse of discretion in this hearing resulted in the collateral restoration of the mother's parental rights, we also VACATE the Wayne Circuit Court's April 20, 2017 order entered under MCL 710.62, and we REMAND this case to the Family Division of the Wayne Circuit Court for further proceedings not inconsistent with this order.

We do not retain jurisdiction.

MARKMAN, J. (*concurring*).

For the reasons stated in my concurring statement in *In re MGR*, ____ Mich ____ (2019) (Docket No. 157821), I concur in the majority's decision to reverse the judgment of the Court of Appeals dismissing petitioners' appeal as moot, and, for the reasons stated by the majority, I concur in the majority's decision to vacate the trial court's order reinstating the birth mother's parental rights and remand this case to the trial court for

---

[1] We respectfully disagree with the dissent that this order creates any *per se* rule.

[2] While the Court of Appeals correctly reversed the trial court's denial of the motion to stay the proceedings, it should have also specified that the trial court's order of filiation, which followed the trial court's erroneous denial of the stay, must be vacated. See *In re LMB*, unpublished per curiam opinion of the Court of Appeals, issued March 13, 2018 (Docket No. 338169), p 2.

entry of an order terminating respondent-father's rights to the child under MCL 710.39(1) and for further proceedings not inconsistent with this Court's order.

ZAHRA, J., joins the statement of MARKMAN, J.

VIVIANO, J. (*concurring in part and dissenting in part*).

For the reasons set forth in my dissent in *In re MGR*, ___ Mich ___ (2019) (Docket No. 157821), I would apply the good-cause analysis set forth *In re MKK*, 286 Mich App 546 (2009), to determine whether the putative father's paternity action should have been stayed in favor of the adoption proceedings. For the reasons expressed in my dissent, I disagree with the majority's analysis, which I am concerned sets forth a rule that trial courts must always stay a paternity action in favor of adoption proceedings when the putative father has not filed a motion to stay the adoption proceedings. Applying the *In re MKK* good-cause analysis in this case, however, I believe that the majority has reached the right result. The putative father in this case failed to file a timely notice of intent to claim paternity, did not file a paternity action contemporaneously with the adoption proceeding, performed no actions to suggest he wanted to parent the child, and, according to the birth mother, did not initially object to the planned adoption. Thus, I believe the putative father is not able to show good cause "to allow [his] paternity action to reach its natural conclusion before a contemporaneously filed adoption proceeding . . . ." *In re MGR*, ___ Mich ___, ___ (2019) (Docket No. 157821) (VIVIANO, J, dissenting). Additionally, I agree with the majority that the trial court abused its discretion in declining to terminate the putative father's parental rights pursuant to MCL 710.39(1). Accordingly, I concur with the majority's disposition in this case.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 6, 2019



Clerk

t0605