*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LTW, Minor.

UNPUBLISHED
April 11, 2024

No.  368386
Jackson Circuit Court
Family Division
LC No.  23-005531-AY

Before:  BOONSTRA, P.J., and FEENEY and YOUNG, JJ.

PER CURIAM.

Respondent (LW's father) appeals by right the trial court's order terminating his parental rights to his minor child, LW, under MCL 710.51(6) (termination of parental rights and stepparent adoption).  We affirm.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

In June 2023, petitioner (LW's mother), petitioned the trial court to allow her husband, LW's stepfather, to adopt him.  The petition alleged that respondent had not supported or had contact with LW for six years.  Respondent refused to consent to the adoption.

Petitioner and respondent both testified at the hearing on the petition.  Respondent admitted that he had last seen LW in 2017, when LW was six years old.  Petitioner testified that her relationship with respondent was poor at the time LW was born 2010, and that respondent had had contact with LW from 2010 until 2017 "[w]hen he felt like it."  In 2016, respondent sought additional parenting time from the trial court, and was granted additional supervised visitations. Petitioner testified that, initially, respondent regularly exercised his parenting time, but that his visits started to "dwindle down" in 2017 and that he stopped contacting or supporting LW altogether in December 2017.  Petitioner testified that respondent had received Social Security Disability (SSD) payments for as long as she had known him.  Petitioner and her husband married in 2021, and petitioner testified that her husband was very supportive and had a strong bond with LW.

Respondent admitted that he had not attempted to contact his son, and he attributed that failure to his drug addiction.  Respondent testified that he was receiving SSD payments when LW was born, and that he provided LW with diapers, food and clothing.  Respondent further testified

-1-

that he had provided LW with periodic support until 2017. Respondent admitted that he had gained more lucrative employment in 2019 but that he did not provide any support to LW.

After the hearing on the petition, the trial court terminated respondent's parental rights to LW under MCL 710.51(6). This appeal followed. On appeal, respondent challenges only the trial court's determination that respondent had the ability to support LW during the two years preceding the petition yet failed to do so.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion the trial court's decision to grant or deny a petition for adoption. *In re TMK*, 242 Mich App 302, 304; 617 NW2d 925 (2000). To the extent that the resolution of an appeal entails a question of law, our review is de novo. *Id*. "This Court reviews a trial court's findings of fact under the clearly erroneous standard. A finding is clearly erroneous if, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made." *In re Hill*, 221 Mich App 683, 691-692; 562 NW2d 254 (1997).

## III. ANALYSIS

Respondent argues that the trial court erred by determining that respondent had the ability to support LW during the two years preceding the filing of the petition but failed to do so. We disagree.

A trial court's authority to terminate parental rights under MCL 710.51(6) is permissive, not mandatory. *In re ALZ*, 247 Mich App 264, 272; 636 NW2d 284 (2001). Michigan's Adoption Code, MCL 710.21 *et seq*., states that

> if a child is born out of wedlock and the release or consent of the biological father cannot be obtained, the child shall not be placed for adoption until the parental rights of the father are terminated by the court as provided in [MCL 710.37 or MCL 710.39], by the court pursuant to [MCL 712A.1 *et seq*.], or by a court of competent jurisdiction in another state or country. [MCL 710.31(1).]

Stepparent adoptions are governed by MCL 710.51(6), which states as follows:

> If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if a parent having custody of the child according to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:
>
> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. A child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered.

-2-

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition. [See also *In re Newton*, 238 Mich App 486, 492; 606 NW2d 34 (1999).]

The two-year period at issue is the two years immediately prior to the filing of the petition. *In re Caldwell*, 228 Mich App 116, 119; 576 NW2d 724 (1998).

The primary purpose of MCL 710.51 is to foster stepparent adoptions in situations in which the natural parent has regularly and substantially failed to support or contact his or her child and refuses to consent to stepparent adoption. *Newton*, 238 Mich App at 492. In this case, it is undisputed that respondent seeks to prevent the stepfather from adopting the child. It is also undisputed that the most recent child support order entered in this case indicated that respondent's child support obligation ended in 2012 as a result of respondent's assertion that his only income was from SSD. Therefore, this case should be treated as though no support order had been entered. See MCL 710.51(a). Consequently, the issue before the trial court was whether respondent had the ability to support LW and, if so, whether respondent "failed or neglected to provide regular and substantial support" for the child. MCL 710.51(a).

Respondent argues that there was no evidence presented that he had the ability to regularly and substantially support LW during the two years preceding the filing of the petition. We disagree.

Since 2009, respondent has regularly received SSD payments on the basis of his unidentified disability. Respondent testified that, before 2019, SSD payments were his only means of income and he provided some level of support to LW from that income. The record is unclear as to whether respondent continued to work after 2019 or during the two-year statutory period, but there was no evidence or testimony that the SSD payments ever ceased; in fact, respondent's counsel stated at the hearing that respondent was "on disability, social security" and "that is his income." Further, although respondent was incarcerated at the time of the hearing, he had only been incarcerated for six of the 24 months of the statutory period; additionally, there was no testimony or evidence presented that the incarceration had affected his receipt of SSD payments. The requirements of MCL 750.51 do not contain an exception for an incarcerated parent. See *Caldwell*, 228 Mich App at 121 ("[A]n incarcerated parent may still retain the ability to comply with the support and contact requirements of the statute."). Given respondent's past support of LW and the fact that he continued to receive SSD benefits during the statutory period, the trial court did not err by determining that respondent had the means to provide some form of child support during the statutory period yet failed to do so. MCL 710.51(a).

Affirmed.

/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney
/s/ Adrienne N. Young