*In re* CALDWELL

Docket No. 197219. Submitted May 7, 1997, at Grand Rapids. Decided February 13, 1998, at 9:10 A.M. Leave to appeal sought.

Harry C. Russell and Kaetlyn E. Russell, husband and wife, petitioned the Kent County Probate Court for Harry Russell's adoption of Gabriel A. Caldwell, minor son of Kaetlyn E. Russell and her former husband, Erik M. Caldwell. The court, Nanaruth H. Carpenter, J., terminated the parental rights of Erik Caldwell pursuant to MCL 710.51(6); MSA 27.3178(555.51)(6) because he failed to support and maintain contact with the child for a period of two or more years immediately preceding the petition for adoption. The Court of Appeals, Young, P.J., and Doctoroff and Cavanagh, JJ., in an opinion per curiam issued August 8, 1997, reversed, declaring that it was constrained by Administrative Order No. 1996-4, now MCR 7.215(H), to follow *In re Halbert*, 217 Mich App 607 (1996), and hold that § 51(6) does not apply to an incarcerated parent, such as Erik Caldwell, who lacks the ability to support or maintain contact with the child. 225 Mich App 801 (1997). The Court of Appeals, sitting en banc, entered an order invoking the conflict-resolution procedure of Administrative Order No. 1996-4 and vacating the Court of Appeals opinion in this case. 225 Mich App 801 (1997).

Following consideration by the special panel convened pursuant to Administrative Order No. 1996-4, the Court of Appeals *held*:

1. The *Halbert* panel erred in determining that § 51(6) does not apply to incarcerated parents. The clear and unambiguous language of § 51(6) does not provide an exception for incarcerated parents.

2. The probate court did not clearly err in finding that Erik Caldwell had the ability to comply with the contact requirement of § 51(6), yet failed to do so.

3. The probate court did not clearly err in finding that Erik Caldwell had failed to substantially comply with a support order and therefore had failed to comply with the support requirement of § 51(6).

4. The probate court erred in excluding evidence regarding the best interests of the child in the belief that such evidence was irrelevant in determining whether to terminate parental rights under § 51(6). In fact, such evidence may be considered at the probate

court's discretion. Although the Court of Appeals may remand a case for further consideration when a lower court does not fully recognize its discretionary power, a remand in this case is unnecessary because the probate court's error did not affect Erik Caldwell's substantial rights.

Affirmed.

ADOPTION — TERMINATION OF PARENTAL RIGHTS — INCARCERATION.

The section of the Adoption Code that permits a probate court to terminate the parental rights of a divorced, noncustodial parent upon a petition for the child's adoption by the custodial parent's new spouse if the noncustodial parent has not supported the child for two years immediately preceding the petition and has not visited, contacted, or communicated with the child for the same period does not provide an exception for noncustodial parents who are incarcerated (MCL 710.51[6]; MSA 27.3178[555.51][6]).

*Bowen, Distel & Numinen, PLC* (by *Karl P. Numinen*), for Harry C. and Kaetlyn E. Russell.

*Donn Hubbell,* for Erik M. Caldwell.

Amicus Curiae:

*Diane Michelsen* and *Monica Farris Linkner* for American Academy of Adoption Attorneys.

Before: CORRIGAN, C.J., and KELLY, WAHLS, NEFF, REILLY, FITZGERALD, and BANDSTRA, JJ.

CORRIGAN, C.J. This Court convened this special panel under Administrative Order No. 1996-4, now MCR 7.215(H)(3), to resolve the conflict between the prior vacated opinion in this case, *In re Caldwell,* 225 Mich App 801 (1997), and *In re Halbert,* 217 Mich App 607; 552 NW2d 528 (1996), regarding the interpretation of MCL 710.51(6); MSA 27.3178(555.51)(6). The original *Caldwell* panel, in compliance with Administrative Order No. 1996-4, now MCR 7.215(H)(1), followed this Court's holding in *Halbert* that an incarcerated parent falls outside the scope of MCL 710.51(6);

MSA 27.3178(555.51)(6). If not for the precedential effect of *Halbert,* the *Caldwell* panel would have remanded this matter to permit the probate court to exercise its discretion to admit evidence regarding the best interests of the child. We agree with the prior panel and hold that the statute applies to an incarcerated parent. We further conclude, however, that the trial court's error in excluding evidence was harmless, and we therefore affirm.

Petitioner mother gave birth to the minor child during her marriage to respondent father. They separated in 1991, shortly before their son's first birthday and five months before the conviction for which respondent remains incarcerated. Petitioner mother and respondent divorced in 1994. Petitioner mother remarried, and her husband eventually sought to adopt the minor child. Pursuant to that request, the probate court considered whether to terminate respondent's parental rights under MCL 710.51(6); MSA 27.3178(555.51)(6). The statute provides:

> If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in [MCL 710.39(2); MSA 27.3178(555.39)(2)], and if the parent having legal custody of the child subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:
>
> (a) The other parent, having the ability to support, or assist in supporting, the child has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition.
>
> (b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substan-

tially failed or neglected to do so for a period of 2 years or
more before the filing of the petition.

The probate court terminated respondent's parental
rights under the statute after finding that respondent
failed to satisfy the support and contact requirements.
First, the court found that respondent had failed to
comply substantially with the support order entered
during the divorce, which the court later modified,
reducing respondent's obligation to $10 weekly. The
court concluded that respondent's present ability to
comply with the support order was irrelevant because
the statute would apply if respondent failed to com-
ply substantially with the order for the statutory
period. Moreover, the court noted that it determined
that respondent had the ability to pay $10 weekly
when it reduced his support obligation. Next, the
court found that respondent had the ability to visit,
contact, or communicate with his son, yet regularly
and substantially failed to do so. The court deter-
mined that respondent did not satisfy the contact
requirement because, at most, he had contacted his
son seven times in two years.

The question presented is whether MCL 710.51(6);
MSA 27.3178(555.51)(6) applies to an incarcerated
parent. Before *Halbert*, courts sometimes looked to
the two-year period immediately preceding the par-
ent's incarceration to determine whether statutory
grounds for termination existed. See *In re Colon*, 144
Mich App 805, 812, 814; 377 NW2d 321 (1985). In *Hal-
bert, supra* at 612, however, this Court held that the
statutory period begins on the filing date and extends
backward from that date for a period of two years or
more. We agree with this portion of *Halbert*. Subsec-
tions a and b of the statute state that the parent must

fail to satisfy the support and contact requirements "for a period of 2 years or more before the filing of the petition." MCL 710.51(6); MSA 27.3178(555.51)(6). This clear and unambiguous statutory language provides that the court must determine whether statutory grounds for termination exist by looking at the two years immediately preceding the filing of the termination petition.

Although the determination that the probate court erred in applying the statute resolved the case, the *Halbert* Court nevertheless commented on the general applicability of the statute to incarcerated parents. The *Halbert* Court stated:

> The primary purpose of MCL 710.51(6); MSA 27.3178(555.51)(6) is to allow a stepparent who provides the material and emotional support to a child that would be expected of the child's legal parent to adopt the child of a noncustodial parent who has essentially abandoned the child and who has refused to, or is unavailable to, consent to the adoption. *In re Colon, supra,* pp 810-811. This purpose may be effectuated only where the noncustodial parent is situated in circumstances whereby that parent can earn a living and acquire the wherewithal to support a child, where the noncustodial parent has ignored or abandoned the natural obligations owed a child by a parent, and where the noncustodial parent has refused, or intentionally has become unavailable, to consent to the adoption. Respondent's lengthy incarceration before the filing of the petitions for termination of his parental rights and for adoption—and, hence, his inability to earn a living and acquire the wherewithal to provide support for [the child]—take respondent outside the intended scope of MCL 710.51(6); MSA 27.3178(555.51)(6). [*Halbert, supra* at 615-616.]

We reject *Halbert*'s conclusion regarding the application of MCL 710.51(6); MSA 27.3178(555.51)(6) because the statute does not contain an "incarcerated

parent" exception. The *Halbert* Court erred in relying on the purpose behind the statute to carve an exception for an incarcerated parent. Where the statutory language is clear and unambiguous, this Court must apply it as written. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 208; 501 NW2d 76 (1993). Under the clear language of MCL 710.51(6); MSA 27.3178(555.51)(6), no incarcerated parent exception exists. Moreover, as this case demonstrates, an incarcerated parent may still retain the ability to comply with the support and contact requirements of the statute. Accordingly, the statute applies to respondent.

Respondent next argues that the probate court clearly erred in finding that he had the ability to comply with the contact requirement of the statute, yet failed to do so. We disagree. This Court reviews the probate court's findings of fact under the "clearly erroneous" standard. *In re Hill*, 221 Mich App 683, 691-692; 562 NW2d 254 (1997). A finding is clearly erroneous if, although evidence exists to support it, this Court is left with a definite and firm conviction that the lower court made a mistake. *Id.* at 692.

The record supports the probate court's finding regarding the contact requirement. Even if respondent could not visit his son because of his incarceration, he could have complied with the statute by contacting or communicating with the child. Respondent admitted that he could make telephone calls and send letters from prison. Although respondent testified that petitioner mother did not provide him with her telephone number, he could have corresponded with his son by mail. Respondent admitted that he wrote to his son only on three occasions during the two years before petitioners filed the termination petition.

Respondent, however, contends that he also contacted his son through his parents, who visited the child and sent the child gifts on his birthday and holidays. Even assuming these contacts could be considered respondent's contacts for purposes of the statute, they would not satisfy the statute because they were infrequent. See *In re Simon*, 171 Mich App 443, 449; 431 NW2d 71 (1988); *In re Martyn*, 161 Mich App 474, 482; 411 NW2d 743 (1987). Accordingly, the probate court did not clearly err in finding that respondent regularly and substantially failed to visit, contact, or communicate with the child.

We likewise reject respondent's argument that the probate court clearly erred in finding that he failed to comply with the support requirement of the statute because he did not have the ability to pay child support. Under MCL 710.51(6)(a); MSA 27.3178(555.51) (6)(a), the petitioner need not prove that the respondent had the ability to support the child where the court has previously entered a support order. The petitioner need only prove that the respondent has failed to comply substantially with the support order for the statutory period. *Hill, supra* at 692; *Colon, supra* at 808-812. In *Colon, supra* at 811-812, this Court noted that it would be redundant to require the petitioner to prove the respondent's ability to pay as well as noncompliance with a support order because the court considers ability to pay in fashioning the support order. Here, respondent admitted that he did not pay child support even after the court modified the support order, reducing his obligation to $10 weekly. Accordingly, the probate court correctly found that respondent failed to comply substantially with the support order.

Further, the record reflects that respondent had the ability to assist in supporting his son. Respondent initially earned $50 monthly in a prison apprenticeship program, and thereafter earned $150 monthly by the time of the termination hearing. Although respondent testified that he could not send money outside the prison, he conceded that other prisoners with support obligations arranged for the prison to honor income-withholding orders. Respondent did not pursue this avenue of payment even after obtaining a reduction in his support obligation.

Respondent next contends that the probate court erred in excluding evidence regarding the best interests of the child. We agree, but conclude that the court's error does not require reversal. This Court reviews the probate court's evidentiary decision for an abuse of discretion. *Hill, supra* at 696. This Court, however, will not reverse on the basis of an evidentiary error unless the court's ruling affected a party's substantial rights. MCR 2.613(A); MRE 103(a); *Williams v Coleman,* 194 Mich App 606, 621; 488 NW2d 464 (1992).

The probate court excluded the evidence because it believed that evidence regarding the child's best interests is irrelevant to a determination whether to terminate a parent's rights under MCL 710.51(6); MSA 27.3178(555.51)(6). In *Hill, supra* at 696, however, this Court held that the probate court may consider evidence regarding the best interests of the child in deciding whether to terminate a parent's rights under MCL 710.51(6); MSA 27.3178(555.51)(6) because the statute is permissive, not mandatory. Although this Court may remand a case for further consideration when, such as in this case, a lower court does not

fully recognize the discretion it possesses, see *Lorenz v Lorenz*, 166 Mich App 58, 62; 419 NW2d 770 (1988); *Janczyk v Davis*, 125 Mich App 683, 693; 337 NW2d 272 (1983), we decline to do so here because the court's error did not affect respondent's substantial rights. Respondent began serving his sentence when his son was one year old. The child is now almost seven. Consistent with the probate court's findings, the record reveals that respondent provided no support and seldom communicated with the child. Given the child's age and the absence of a parent-child relationship, evidence regarding the child's relationship with respondent's parents would not have justified a decision not to terminate respondent's rights.[1]

Affirmed.

---

[1] With our holding today, we do not suggest that termination of an incarcerated parent's rights and adoption by a stepparent is always in a child's best interest. The probate court's decision to terminate an incarcerated parent's rights and free the child for adoption by a stepparent turns on the particular facts of each case. Although sometimes difficult, an incarcerated parent is generally capable of satisfying the support and contact requirements of the statute. Even where the incarcerated parent did not comply with the support and contact requirements of the statute, the court may in some cases elect not to terminate the parent's rights. *Hill, supra* at 696; *Martyn, supra* at 480.