*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ERNSBERGER, Minors.

FOR PUBLICATION
July 18, 2024
9:00 a.m.

No. 369225
Branch Circuit Court
Family Division
LC No. 17-005547-NA

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Respondent appeals by right the trial court order terminating her parental rights to her minor children, AE and EE, under MCL 712A.19b(3)(f). Because the trial court clearly erred by finding that termination was warranted under MCL 712A.19b(3)(f), we reverse and remand.

## I. BASIC FACTS

Around April 2021, AE was placed under a guardianship with his maternal great-grandmother and EE was placed under a guardianship with his paternal grandmother. According to the testimony from the children's guardians, respondent did not provide the children with any cards, Christmas gifts, birthday presents, or financial support after the guardianship was put into place. Support orders were placed through the Branch County Friend of the Court. Respondent made none of the payments required under either support order.

After the guardianships were entered, respondent had no contact with EE and only had one telephone call with AE. The testimony at the termination hearing centered upon the reasons for the lack of contact. Respondent testified that she had attempted multiple times to contact the children. She stated that she had called the guardians and other family members, but that they blocked her. She stated that the only time that she had been able to speak with AE, she had asked him what he would like as a gift, and he had to ask his guardian what he was allowed to say in response. She also testified that she once had ordered AE a gift from a website and had it shipped directly to him, but it was returned.

-1-

The children's guardians admitted that they did not allow respondent to contact the children when she called. However, they both explained that the reason for the denial was because respondent did not call at an appropriate time. AE's guardian testified that respondent's only attempts at contact were telephone calls around 3:00 or 4:00 a.m. During some of the calls, respondent's words sounded slurred as if she were under the influence of drugs or alcohol.[1] Because AE had school in the morning, the contact was not allowed. Additionally, AE's guardian did not believe that communications between AE and respondent while respondent sounded impaired would be appropriate. As a result, respondent was not allowed contact with AE at those times. AE's guardian further stated that respondent called AE's telephone once in the middle of the night. To prevent further inappropriate calls, AE's telephone number was changed. Finally, AE's guardian noted that respondent had attempted to initiate contact with AE by contacting his maternal grandmother when she was with AE, but that AE would refuse to talk. Similarly, EE's guardian testified that respondent would text in the middle of the night to talk with EE, but that she did not allow it. Respondent did not try to visit the children. AE's guardian, however, testified that she would not have turned respondent away if she had come over when she was not impaired by any substances.

On July 19, 2023, the children's guardians filed petitions seeking termination of respondent's parental rights under MCL 712A.19b(3)(f).[2] Following a termination hearing, the trial court found that termination was warranted and that it was in the best interests of AE and EE for respondent's parental rights to be terminated.

## II. STATUTORY GROUNDS

### A. STANDARD OF REVIEW

Respondent argues that the trial court clearly erred by finding that termination was warranted under MCL 712A.19b(3)(f). "We review for clear error the trial court's finding that there are statutory grounds for termination of a respondent's parental rights." *In re A Atchley*, 341 Mich App 332, 343; 990 NW2d 685 (2022). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. at 338 (quotation marks and citation omitted). We review de novo whether the trial court correctly interpreted and applied the relevant statutory provisions. *In re Medina*, 317 Mich App 219, 227; 894 NW2d 653 (2016).

---

[1] The record reflects that respondent has significant issues with substance abuse. At the time that the termination hearing was held, she had voluntarily engaged in a six-month substance-abuse program to assist her in overcoming that issue.

[2] The children's guardians also sought the termination of the parental rights of AE and EE's fathers. EE's father voluntarily relinquished his parental rights, and the trial court entered an order terminating the parental rights of AE's putative father.

B. ANALYSIS

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(f), which provides:

(f) The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and both of the following have occurred:

(*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.

(*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

On appeal, respondent concedes that the court properly found that the children had guardians. However, she argues that petitioners failed to prove that the requirements in subdivisions (f)(*i*) and (f)(*ii*) were met.

We first address respondent's argument that the trial court clearly erred by finding that she physically abandoned her children under MCL 712A.19b(3)(f)(*ii*). Specifically, respondent contends that she did not have the ability to visit, contact, or communicate with the children because the guardians prevented her from doing so. She directs this Court to her testimony that she tried to reach out to multiple family members so that she could contact the children. She also testified that the guardians "blocked" her ability to communicate with them via telephone and social media. She additionally notes that AE's guardian had AE's telephone number changed after she texted him.

Yet, her argument ignores the testimony from the guardians. They testified that respondent did not visit with her children for almost three years and that her only attempted communications consisted of telephone calls or text messages at inappropriate times. Although they blocked those inappropriate communications, the record reflects that they were willing to permit appropriate contact, such as visitation when respondent was not under the influence of substances. The court found the guardians' testimony credible, but did not find respondent to be credible. Based upon their testimony, the court found that respondent did not have any contact with her children. Moreover, the court found that a few telephone calls and text messages at inappropriate times was insufficient to establish that respondent had regularly and substantially visited, contacted, or communicated with the children. Finally, the court noted that it was presiding over and familiar with the guardianship cases. It took judicial notice of the fact that respondent had not filed any motions in that case stating that she was being prevented from having contact with the children.

In light of the record in this case, we conclude that the trial court did not clearly err by finding that respondent had the ability to visit, contact, or communicate with the children and that she had nevertheless, without good cause, failed to do so on a regular and substantial basis for

approximately three years. The court, therefore, did not err by finding that the requirements set forth in MCL 712A.19b(3)(f)(*ii*) were satisfied.

However, we conclude that termination was nevertheless improper because the trial court clearly erred by finding that the requirements in MCL 712A.19b(3)(f)(*i*) were satisfied. To find that the requirement in subdivision (f)(*i*) was met, the trial court must find by clear and convincing evidence either (1) that the respondent-parent either "failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition" or (2) "if a support order has been entered," that the respondent-parent "has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition." MCL 712A.19b(3)(f)(*i*).

At the termination hearing, petitioners' lawyer argued that the statute is not an "either/or" on the question of financial abandonment. His interpretation, however, ignores the plain language of the statute, which uses the disjunctive "or" when setting forth the two methods of determining financial abandonment. See *Honigman Miller Schwartz & Cohn LLP v City of Detroit*, 505 Mich 284, 294; 952 NW2d 358 (2020) (stating that unambiguous statutory language must be applied as written). Petitioner's lawyer further asserted that subdivision (f)(*i*) does not state that the support order had to be in place for two years. Yet, contrary to his argument, subdivision (f)(*i*) explicitly states that if a support order is in place, termination is proper if the respondent-parent fails to substantially comply with that order "for a period of 2 years or more before the filing of the petition."

The trial court appears to have adopted the erroneous interpretation set forth by petitioners' lawyer. The court found that the support order had been in place for 22 or 23 months and that respondent had made no payments during that period. The court then noted that there was no evidence that respondent had made any payments "prior to the guardianship being put in place." The guardianship had been in place for approximately three years. As a result, it appears that the court concluded that there was a three-year period of financial abandonment sufficient to satisfy MCL 712A.19b(3)(f)(*i*). That finding was clearly erroneous because the entry of the support order required the court to use the second method of determining financial abandonment.

Because the petition was filed on July 19, 2023, the relevant two-year timeframe is between July 19, 2021 and July 19, 2023. See *In re Caldwell*, 228 Mich App 116, 120; 576 NW2d 724 (1998) (stating that "the court must determine whether statutory grounds for termination exist by looking at the two years immediately preceding the filing of the termination petition."). The support order for EA was entered on June 27, 2022, with an effective date of January 12, 2022. There are fewer than twenty-four months between January 12, 2022 and July 19, 2023.[3] Accordingly, respondent only failed to substantially comply with the support order for EE around 18 months before the filing of the petition. Next, the support order for AE was entered on January 12, 2022, with an effective date of October 1, 2021. There are fewer than twenty-four months

---

[3] For the purpose of this opinion, we assume without deciding that, when calculating if a respondent has failed to substantially comply with a support order for a minimum of two years from the date that the petition was filed, it is appropriate to use the effective date of the support order rather than the date it was entered.

between October 1, 2021 and July 19, 2023. As a result, respondent only failed to substantially comply with the support order for AE for around 21 months before the petition was filed. Because the record does not support a finding that respondent failed to substantially comply with the support order for the statutorily required two-year minimum period, we conclude that the trial court clearly erred by finding termination warranted under MCL 712A.19b(3)(f)(*i*).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates